IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-0053 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER RE: WATTS' MOTION TO DISMISS** |
| v. | |
| RICHARD B. WATTS, et al., | |
| Defendants. | |

The Court previously issued an order granting defendant Richard Watts' motion to dismiss certain counts with prejudice for violation of the Speedy Trial Act. The Court continued the motion as to Counts 1, 9 and 16 of the Superceding Indictment pending further briefing. After carefully considering the parties' further memoranda, and having had the benefit of oral argument, the Court GRANTS Watts' motion as to Count 1 and DENIES the motion as to Counts 9 and 16.

**DISCUSSION**

Three new counts remain in this action as to Watts: (1) Count 1 conspiracy to maintain a place for the manufacture of marijuana; (2) Count 9 conspiracy to launder money; and (3) Count 16 misdemeanor tax evasion. Watts moves to dismiss all three counts on grounds of the Speedy Trial Act, preindictment delay, and vindictive prosecution.

//

A.   **Speedy Trial Act**

The parties agree that the test for whether the new charges in the Superseding Indictment are barred by the Court's Speedy Trial Act ruling is whether the new offenses were required under the double jeopardy clause to be joined with the original offenses. See United States v. Valahov, 884 F.Supp. 354, 356 (N.D. Cal. 1995); Watts' motion at 2; Government's Opp. at 2.

The critical question, then, is whether double jeopardy applies. Double jeopardy is determined by applying the "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932). United States v. Ford, 371 F.3d 550, 553 (9th Cir. 2004). "The Blockburger test asks 'whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution.'" Id. (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)).

### 1.   The tax count (Count 16)

The tax Count easily satisfies the Blockburger test as the Count includes the element of failing to file a tax return and the drug counts include elements not in the tax count, namely, the manufacture of marijuana. Accordingly, Watts' motion to dismiss Count 16 for violation of the Speedy Trial Act must be denied.

### 2.   The drug conspiracy count (Count 1)

Watts argues that new Count 1, alleging a conspiracy under section 846 (the drug conspiracy statute) to violate section 856(a)(1) (maintaining a place for the manufacture of marijuana) is barred by double jeopardy because Count 4 of the original Indictment charged a conspiracy under section 846 to violate section 841 (conspiracy to manufacture 1000 marijuana plants).

The government responds that the Blockburger "same elements" test applies and that under this test double jeopardy does not apply. The Court disagrees. The Double Jeopardy Clause bars "the government from splitting a single conspiracy into separate charges and bringing successive prosecutions against a defendant." United States v. Ziskin, 360 F.3d 934, 943 (9th Cir. 2003). The defendant must show that "the two conspiracies are

2

1  indistinguishable in law and in fact." Id. (internal quotation marks and citation omitted).  In
2  Arnold v. United States, 336 F.2d 347, 350 (9th Cir. 1964), the Ninth Circuit "adopted a test
3  to determine whether two conspiracy counts charge the same offense and thus place the
4  defendant in double jeopardy." Id. at 944.  Under the Arnold test the court considers five
5  factors: "(1) the differences in the periods of time covered by the alleged conspiracies; (2) the
6  places where the conspiracies were alleged to occur; (3) the persons charged as
7  coconspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged
8  to have been violated." Id.; see also United States v. Stoddard, 111 F.3d 1450 (9th Cir. 1997)
9  (applying the Arnold five-factor test to a double jeopardy inquiry into section 846 conspiracy
10 charges).

11      "No single factor in the . . . analysis controls the determination of whether there was a
12 single conspiracy; after consideration of all, the question is whether there was more than one
13 agreement." Id. (internal quotation marks and citation omitted).  "Moreover, [t]he fact that
14 there is some interrelationship between conspiracies does not necessarily make them the
15 same criminal enterprise, where one conspiracy involves unlawful transactions quite distinct
16 in their means of execution and their objects." Id. (internal quotation marks and citation
17 omitted).

18      In this case, the Court concludes that each and every factor weighs in favor of a
19 finding that the two counts charge the same conspiracy in fact and law.

20              **a.    The time period**

21      Both Counts cover the exact same time period: October 2001 until February 2002.
22 New Count 1 begins at an earlier date, November 2000.  Nonetheless, the two "conspiracies"
23 have a significant time overlap of five months and it is apparent from the government's
24 submissions that the conspiracy in Count 4 of the original Indictment began as early as
25 November 2000.  The government explains that in the Superseding Indictment it uses the
26 November 2000 date because that is the date that Watts and Hayes "agreed to use and
27 thereafter did use 52 6th Street for the manufacture of marijuana and the distribution of
28 marijuana in violation of section 856(a)(1)." Opposition at 12.  Thus, the conspiracy in

3

Count 4 in the original Indictment–manufacture of marijuana–covers the entire period of the conspiracy in Count 1 of the Superseding Indictment, even if the government only charged the conspiracy in Count 4 to begin in October 2001 instead of November 2000. Thus, the time period factor suggests both Counts are charging the same conspiracy.

### b. Location

The location of the conspiracies charged in both counts is exactly the same: 52 6th Street, San Francisco.

### c. Co-conspirators

Hayes, Rosenthal and Watts are all charged in both Counts. The government contends that Rosenthal did not join the conspiracy to use the premises of 52 6th Street to manufacture marijuana until October 2001. This allegation does not mean that the two Counts charge different conspiracies; it means only that Rosenthal joined the conspiracy at a later date. Importantly, the role played by Watts in both charged conspiracies is the same: manufacturing marijuana at 52 6th Street.

### d. The overt acts

The government claims that section 846 does not require any overt acts. Nonetheless, manufacturing marijuana at 52 6th Street is an overt act for both charged conspiracies.

### e. The charged statutes

The same conspiracy statute is charged in both counts: 21 U.S.C. section 846. "When the two conspiracies charged violate the same statute, we consider whether the goals of the two conspiracies were similar." Ziskin, 360 F.3d at 947. "Different goals suggest the existence of two distinct conspiracies." Id.

The government argues about the different purposes of section 841 (manufacture of marijuana) and section 856 (use of premises for manufacture of marijuana), but it offers no evidence or even argument as to how the *goals of the two charged conspiracies* are different. The Court concludes that they are not different. The goal of a conspiracy to use 52 6th Street to manufacture marijuana is the same as the goal of a conspiracy to manufacture marijuana: to manufacture marijuana.

4

In sum, Count 1 of the Superseding Indictment charges the same conspiracy in law and fact as Count 4 of the original Indictment. As the Court previously dismissed Count 4 with prejudice, Count 1, too, must be so dismissed.

### 3. The money laundering conspiracy (Count 9)

Count 9 alleges that between June 2000 and February 2002, Watts and Hayes conspired to launder the proceeds derived from the sale of marijuana at 52 6th Street in violation of 18 U.S.C. section 1956(h) (the money laundering conspiracy section). Watts argues that this claim is barred by the conspiracy count from the original Indictment; that is, that this is simply part of the same conspiracy already charged and dismissed.

As Count 9 alleges a violation of a different conspiracy statute than the original Indictment, the Arnold five-factor test does *not* apply; instead, the Court applies the Blockburger all elements test. See United States v. Arlt, 252 F.3d 1032, 1036, 1038 (9th Cir. 2001) (en banc) (applying Blockburger to double jeopardy claim involving two different conspiracy statutes).

Binding Ninth Circuit precedent establishes that under Blockburger, a conspiracy to launder money under section 1956(a)(1) has different elements from, and therefore is not the same offense as, a section 846 drug conspiracy. Arlt, 252 F.3d at 1038. "The acts necessary to establish a conspiracy to launder money, as prohibited by . . . § 1956(a)(1), will not necessarily also support a conviction for a conspiracy to violate the drug laws. . . . The § 846 conspiracy requires proof of an additional fact that the charged [money laundering] conspiracy does not." Id. Accordingly, the motion to dismiss Count 9 must be denied.

### B. Preindictment delay

Watts also moves for dismissal on the ground of preindictment delay. Watts does not contend that the new charges (money laundering and tax evasion) are barred by the statute of limitations; instead, he argues that the government could have and should have nonetheless brought the charges earlier.

The Ninth Circuit has adopted a two-part test to determine whether preindictment delay rises to the level of a denial of due process. "Under the first prong of the due process

5

analysis, a defendant must prove that he "'suffered actual, non-speculative prejudice from the delay.'" United States v. Doe, 149 F.3d 945, 948 (9th Cir. 1998) (citation omitted). "In order to establish actual prejudice, [the defendant] ha[s] to show definite, non-speculative proof that demonstrate[s] 'how the loss of a witness and/or evidence [is] prejudicial to his case.'" Id. (citation omitted). The Ninth Circuit has noted that the burden of showing actual prejudice is high. Id.

A showing of actual prejudice is required before the court need even consider the second prong. Id. Under that second prong, the defendant "must show the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." Id. (quotation marks and citation omitted).

The Court concludes that Watts has not satisfied the first prong. While he has shown that certain witnesses are missing, he has not sufficiently demonstrated how their absence will specifically prejudice his defense.

### C. **Vindictive prosecution**

Watts' claim of vindictive prosecution is based on the timing of the Superseding Indictment and the motion to dismiss for violation of the Speedy Trial Act. Watts notes that the Superseding Indictment was obtained one day *after* he filed his motion to dismiss for violation of the Speedy Trial Act. He notes further that he had notified the government (and the Court) three weeks earlier that he intended to file such a motion.

The government responds that it convened the Grand Jury before Watts indicated he would file a motion to dismiss for violation of the Speedy Trial Act. As there is nothing in the record to dispute the government's evidence, Watts' motion to dismiss for vindictive prosecution must be denied.

//
//
//

## CONCLUSION

The <u>Blockburger</u> "elements" test applies to the motion to dismiss Count 9 (money laundering) and Count 16 (tax evasion). Under that test neither Count is barred by double jeopardy and therefore neither must be dismissed pursuant to the Speedy Trial Act.

Because Count 1 charges a conspiracy under the same statute as original Count 4, a different test applies, namely, the <u>Arnold</u> five-factor test. That test indicates that the conspiracy in Count 1 is the same "in fact and law" as that charged in original Count 4. Accordingly, Count 1 is DISMISSED WITH PREJUDICE for violation of the Speedy Trial Act. In all other respects, Watts' motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 11, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE